IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| HEALTHGUARD OF LANCASTER, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MARK GARTENBERG; | : | No. _____ |
| STEVEN GARTENBERG; | : | |
| MARK TISCHLER; | : | |
| GREENFIELD SPORTS MEDICINE | : | |
| & REHAB, P.C.; | : | |
| PREMIER SPORTS MEDICINE | : | |
| & REHAB CENTER, P.C. and | : | |
| MAIN LINE MEDICAL SERVICES, INC. | : | |
| Defendants | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. These claims for relief are brought by Plaintiff HealthGuard of Lancaster, Inc. in connection with a scheme devised and implemented by Defendants to collect payments from Plaintiff based on false medical insurance claims. Defendants' scheme, comprised of repeated acts of mail and wire fraud, establishes a pattern of racketeering activity through which Defendants invested in, controlled and participated in the conduct of Main Line Medical Services, Inc., a medical management business. Plaintiff's claims are brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, with supplemental state law claims for insurance fraud, common law fraud and breach of warranty.

00227742.6

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's RICO claim pursuant to 28 U.S.C. § 1331 because the cause of action arises under 18 U.S.C. § 1964.

3. This court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

4. The Eastern District of Pennsylvania is the proper venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district.

5. This case is not subject to compulsory arbitration pursuant to Local Rule 53.2 because equitable relief and money damages in an amount in excess of $150,000.00 are sought.

## PARTIES

6. Plaintiff HealthGuard of Lancaster, Inc. ("HealthGuard") is a Pennsylvania corporation with its principal place of business at 280 Granite Run Drive, Lancaster, Pennsylvania. Plaintiff is a federally qualified health maintenance organization holding a certificate of authority from the Commonwealth of Pennsylvania to provide prepaid health benefit services to Employers that desire to arrange for such services on behalf of their employees and employees' dependents. HealthGuard has in excess of fifty thousand (50,000) members in Central Pennsylvania for whom HealthGuard provides an insured HMO product and in excess of fifty-thousand individuals for whom HealthGuard, through its wholly-owned subsidiary, HealthGuard Management Services Company, provides third-party administration services for employer and government sponsored self-funded health plans utilizing the

HealthGuard network of participating providers. A majority of HealthGuard members reside in Lancaster County, Pennsylvania.

7. Defendant Mark Gartenberg is an adult individual currently residing at 313 Lindy Lane, Bala Cynwyd Pennsylvania, 19004-1329.

8. Defendant Steven Gartenberg is an adult individual who's last known address is 6 Scarlet Oak Drive, Haverford, Pennsylvania, 19041. Defendant Steven Gartenberg's current address is unknown. Defendant Steven Gartenberg is a chiropractor and the son of Mark Gartenberg.

9. Defendant Mark Tischler is an adult individual currently residing at 612 Newtown Road, Villanova, Pennsylvania, 19085-1135. Mark Tischler is a chiropractor and the son-in-law of Mark Gartenberg.

10. Defendant Greenfield Sports Medicine & Rehab, P.C. ("Greenfield") is a Pennsylvania professional corporation with its principal place of business at 1861 Charter Lane, Suite 114, Lancaster, Pennsylvania. Greenfield is a professional corporation organized for the practice of medicine.

11. Defendant Premier Sports Medicine & Rehab Center, P.C. ("Premier") is a Pennsylvania professional corporation with its principal place of business at 1861 Charter Lane, Suite 114, Lancaster, Pennsylvania. Premier is a professional corporation organized for the practice of medicine.

12. Defendant Main Line Medical Services, Inc. ("MLM") is a Pennsylvania corporation with its principal place of business at 25 Bala Avenue, Suite 200, Bala Cynwyd, Pennsylvania. MLM is, and at all relevant times has been, engaged in interstate commerce.

## FACTS

13. MLM provides management services to medical and chiropractic practices, including Greenfield and Premier, including billing, collection of all receipts, and payment of expenses.

14. MLM is controlled and operated by Defendants Mark Gartenberg and Steven Gartenberg, with the participation, assistance and cooperation of Defendants Mark Tischler, Greenfield and Premier.

15. Defendant Mark Tischler operated and served as Chief Executive Officer of Defendant Greenfield from at least July 21, 1997 through February, 2001.

16. One or more of Defendants Mark Tischler, Mark Gartenberg and Steven Gartenberg caused David Raab, M.D. to organize Defendant Greenfield as a professional corporation in April, 1999.

17. Plaintiff stopped approving payments for services performed at Greenfield in October of 2000 based on MLM's inappropriate billing practices on behalf of Greenfield.

18. Defendants Mark Gartenberg, Steven Gartenberg and Mark Tischler desired to induce Plaintiff to pay bills submitted through MLM for services performed at Greenfield.

19. One or more of Defendants Mark Tischler, Mark Gartenberg and Steven Gartenberg caused Leilani Gyening, M.D. to organize Defendant Premier as a professional corporation in October, 2000. Premier assumed the operation of Greenfield, using the same facility, equipment and personnel as Greenfield, in October of 2000.

20. Notwithstanding the nominal ownership of Greenfield and Premier by Drs. Raab and Gyening, respectively, the activities of Greenfield and Premier were at all relevant times

controlled, coordinated and managed by Defendants Mark Gartenberg, Steven Gartenberg and Mark Tischler through MLM. Drs. Raab and Gyening were employees under the control of Defendants Mark Gartenberg, Steven Gartenberg and Mark Tischler, either directly or indirectly through MLM, at all relevant times.

21. Defendants devised a scheme to defraud Plaintiff by generating and submitting to Plaintiff false health insurance claims through MLM in the following manner:

(a) Defendants Mark Gartenberg, Steve Gartenberg and Mark Tischler converted Greenfield, formerly a chiropractic practice owned by the Gartenbergs and Tischler, to a medical professional corporation, Greenfield Sports Medicine and Rehab, P.C. and later Premier Sports Medicine and Rehab Center, P.C.;

(b) the conversion was accomplished by Defendants, in part, by creating Main Line Medical Services, Inc., an alter ego management company, and paying a medical doctor a monthly fee to use his or her name as the "owner" of the medical professional corporations Greenfield and Premier;

(c) at all relevant times, Defendants Mark Gartenberg, Steve Gartenberg and Mark Tischler maintained control over the finances, assets, management, professional and lay personnel hiring and firing, and the policies governing treatment of patients of the professional corporations Greenfield and Premier;

(d) through a series of contractual arrangements between Greenfield and Premier, the professional corporations, and MLM, the management

company, Defendants Mark Gartenberg, Steve Gartenberg and Mark Tischler received all profits from the operation of Greenfield and Premier;

(e) the purpose of this arrangement was to enable Defendants to set up what ostensibly appeared to be a medical office, which could bill for more services and at the higher reimbursement rate of physicians, but still maintain control over the practice and reap its substantial financial profits;

(f) Defendants engaged or caused others to engage on their behalf in telemarketing to identify and solicit individuals with medical insurance for treatment at Greenfield and/or Premier;

(g) individuals with medical insurance were referred by Defendants, or others acting on Defendants' behalf, to Greenfield and/or Premier for consultation, evaluation and treatment;

(h) at all relevant times, Defendants Mark Gartenberg, Steve Gartenberg and Mark Tischler established the protocol for patients treated at Greenfield and/or Premier;

(i) the protocols established by Defendants included standardized diagnosis and treatment plans that maximized the use of diagnostic testing and standardized modes of treatment without appropriate regard for the actual medical needs of individual patients;

(j) Defendants directed the employees of Greenfield and/or Premier to perform medically inappropriate and/or medically unnecessary services, including services performed by individuals who lacked adequate training

and in such a manner as to provide little, if any, diagnostic or therapeutic value;

(k) Defendants directed the employees of Greenfield and/or Premier to document for billing purposes services that were never rendered, services that were different and more costly than services actually rendered, services required by the Commonwealth of Pennsylvania to be performed by licensed individuals that were actually rendered by unlicenced individuals, and services that were not medically necessary or appropriate;

(l) Defendants directed the employees of Greenfield and/or Premier to report all information, documentation and other materials related to billing for services, including legitimate services, if any, as well as medically inappropriate, medically unnecessary and/or never-performed services, to MLM for processing and eventual submission via mail and/or wire to Plaintiff for payment;

(m) willfully and knowingly, Defendants caused employees of Greenfield, Premier and/or MLM to falsify, conceal and cover up by trick, scheme, artiface and device material facts and make materially false, fictitious and fraudulent statements and representations, and make and use materially false writings and documents in connection with claims submitted to Plaintiff, knowing the same to contain materially false statements;

(n) Defendants caused employees of Greenfield, Premier and/or MLM to submit claims via mail and/or wire to Plaintiff for services rendered under

        the name and provider number of a medical or osteopathic doctor employed by and/or affiliated with Greenfield or Premier, whether or not the doctor actually rendered the services;

(o) Defendants caused employees of MLM to process payments from Plaintiff based on the claims described herein;

(p) Defendants used or directed the use of the proceeds of the false insurance claims described herein to control and operate MLM, Greenfield and Premier, as well as for their own personnel benefit.

22. Defendants, having devised the scheme described herein, and in their capacity as officers, directors, managers, shareholders, supervisors or otherwise controlling persons of Greenfield, Premier and MLM, knowingly and repeatedly caused claim forms to be delivered by mail and/or wire to Plaintiff for the purpose of executing such scheme.

23. The false claims submitted by or at the direction of Defendants include, but are not limited to, those claims identified in the "False Claims Chart " attached hereto as Exhibit A.

24. Defendants conspired with each other and with others as yet unknown to engage in the acts of mail and/or wire fraud set forth herein and aided and abetted one another in such activities. Defendants conspired to engage in the predicate acts of mail and/or wire fraud in the following manner:

(a) Defendants are closely associated with each other professionally and by virtue of their family relationships;

(b) Defendants agreed with each other and with others as yet unknown to submit multiple insurance claims through the mail to Plaintiff for

          medically inappropriate, medically unnecessary and/or never-performed services as part of a pattern and ongoing scheme to defraud Plaintiff;

(c)    Defendants agreed with each other and with others as yet unknown to conduct the affairs of MLM through the pattern of mail and/or wire fraud and ongoing scheme to defraud Plaintiff described herein.

25.    Defendants implemented the scheme described herein in a consistent pattern that poses a threat of continued criminal activity.

26.    Plaintiff has suffered direct financial loss as a result of its payment of hundreds of false claims submitted by Defendants through MLM.

## COUNT I

### Civil RICO - 18 U.S.C. §§ 1964 and 1962:

**HealthGuard of Lancaster, Inc. v. Mark Gartenberg, Steven Gartenberg, Mark Tischler, Greenfield Sports Medicine and Rehab, P.C. and Premier Sports Medicine and Rehab Center, P.C.**

27.    Paragraphs 1 through 26 are incorporated by reference herein.

28.    Plaintiff is a "person" within the meaning of 18 U.S.C. § 1961 (3).

29.    Defendants are "persons" within the meaning of 18 U.S.C. § 1961 (3).

30.    MLM is an "enterprise" within the meaning of 18 U.S.C. § 1961 (4).

31.    MLM is and at all relevant times was engaged in activities that affect interstate commerce.

32.    Defendants are and at all relevant times were associated with MLM.

33.    Each and every one of the false medical insurance claims submitted by or at the direction of Defendants in connection with the fraudulent scheme described herein is an

indictable offense under 18 U.S.C. § 1341 (relating to mail fraud) or 18 U.S.C. § 1343 (relating to wire fraud) and thus is a predicate act under the RICO statute.

34. Each Defendant engaged in more than two predicate acts in a ten year period. Defendants' repeated acts of mail and/or wire fraud establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961 (1) and (5).

35. Defendants received income derived from the pattern of racketeering activity described herein.

36. Defendants used or invested income derived from the pattern of racketeering activity described herein in the operation of MLM in violation of 18 U.S.C. § 1962 (a).

37. Defendants maintained control of MLM through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962 (b).

38. Defendants participated in the conduct of MLM's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962 (c).

39. Defendants conspired and agreed with each other and with others as yet unknown to engage in the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962 (d). The particular circumstances of Defendants' conspiracy are described more fully in Paragraphs 21 and 24.

40. Plaintiff was directly injured in its business and property in an as yet undetermined amount in excess of $344,859 by reason of its payment of medical insurance claims submitted in connection with Defendants' racketeering activity described herein.

WHEREFORE, Plaintiff HealthGuard respectfully requests the Court enter judgment against Defendants and grant Plaintiff actual damages, the amount duly trebled in accordance

with 18 U.S.C. § 1964 (c), punitive damages, costs of investigation and litigation reasonably incurred, attorney's fees, equitable relief in the form of restrictions that may be appropriate on the future conduct or activities of Defendants, pre- and post-judgment interest and such other relief as it deems just and proper.

## COUNT II

### Insurance Fraud - 18 Pa. C.S.A. § 4117:

**HealthGuard of Lancaster, Inc. v. Mark Gartenberg, Steven Gartenberg, Mark Tischler, Greenfield Sports Medicine and Rehab, P.C., Premier Sports Medicine and Rehab Center, P.C. and Main Line Medical, Inc.**

41.     Paragraphs 1 through 40 are incorporated by reference herein.

42.     By submitting or causing to be submitted claims to Plaintiff for payment during the period from January 2, 1999 to February 18, 2001, including but not limited to those claims identified in the "False Claims Chart" attached hereto as Exhibit A, Defendants implicitly and/or explicitly represented to Plaintiff that the medical services described on such claim forms were legitimate claims for services for which reimbursement was proper insofar as the services were actually performed, were performed by qualified individuals, and were medically necessary and/or appropriate.

43.     Defendants' representations to Plaintiff in connection with the claims described herein contained false, incomplete or misleading information concerning facts material to the claim insofar as the services on which the claims were based were medically unnecessary, medically inappropriate, performed by unqualified individuals, and/or never performed.

44.     Knowingly and with the intent to defraud Plaintiff, Defendants presented or caused to be presented to Plaintiff statements in support of the claims described herein that

contained false, incomplete or misleading information concerning facts material to the claims in violation of 18 Pa. C.S.A. § 4117 (a) (2).

45. Knowingly and with the intent to defraud Plaintiff, Defendants assisted and conspired with one another to prepare statements that contained false, incomplete or misleading information concerning facts material to and in support of the claims described herein in violation of 18 Pa. C.S.A. § 4117 (a) (3).

46. Defendants engaged in a pattern of violating the Pennsylvania Insurance Fraud Statute as more fully described in paragraph 21.

47. Plaintiff suffered damages in an as yet undetermined amount in excess of $344,859 as a result of Defendants' pattern of violating the Pennsylvania Insurance Fraud Statute, 18 Pa. C.S.A. §§ 4117 (a) (2) and (3).

WHEREFORE, Plaintiff HealthGuard respectfully requests the Court enter judgment against Defendants and grant Plaintiff compensatory damages, including costs of investigation, costs of suit and attorney's fees, the amount duly trebled in accordance with 18 Pa. C.S.A. § 4117 (g), as well as pre- and post-judgment interest and such other relief as it deems just and proper.

## COUNT III

### Common Law Fraud:

**HealthGuard of Lancaster, Inc. v. Mark Gartenberg, Steven Gartenberg, Mark Tischler, Greenfield Sports Medicine and Rehab, P.C., Premier Sports Medicine and Rehab Center, P.C. and Main Line Medical, Inc.**

48. Paragraphs 1 through 47 are incorporated by reference herein.

49. By submitting or causing to be submitted claims to Plaintiff for payment during the period from January 2, 1999 to February 18, 2001, including but not limited to those claims

identified in the "False Claims Chart" attached hereto as Exhibit A, Defendants implicitly and/or explicitly represented to Plaintiff that the medical services described on such claim forms were legitimate claims for services for which reimbursement was proper insofar as the services were actually performed, were performed by qualified individuals, and were medically necessary and/or appropriate.

50.     Defendants made each representation as to the legitimacy of the claims described herein with knowledge of its falsity or recklessness as to its truth.

51.     Defendants intended to mislead Plaintiff into relying on the false representations.

52.     Plaintiff justifiably relied on Defendants' false representations and paid the claims described herein.

53.     Plaintiff was injured as a proximate result of Defendants' false representations.

WHEREFORE, Plaintiff HealthGuard respectfully requests the Court enter judgment against Defendants and grant Plaintiff actual damages, punitive damages, pre- and post-judgment interest and such other relief as it deems just and proper.

## COUNT IV

### Breach of Warranty:

**HealthGuard of Lancaster, Inc. v. Greenfield Sports Medicine and Rehab, P.C., Premier Sports Medicine and Rehab Center, P.C. and Main Line Medical, Inc.**

54.     Paragraphs 1 through 53 are incorporated by reference herein.

55.     By submitting or causing to be submitted claims to Plaintiff for payment during the period from January 2, 1999 to February 18, 2001, including but not limited to those claims identified in the "False Claims Chart" attached hereto as Exhibit A, Defendants Greenfield,

Premier and MLM represented and warranted to Plaintiff that the medical services described on such claim forms were legitimate claims for services for which reimbursement was proper insofar as the services were actually performed, were performed by qualified individuals, and were medically necessary and/or appropriate.

56. Defendants Greenfield, Premier and MLM breached such warranty because the claims submitted, including but not limited to those claims identified in the "False Claims Chart" attached hereto as Exhibit A, were based on medically unnecessary, medically inappropriate and/or never performed services.

57. Plaintiff suffered damages in an as yet undetermined amount in excess of $344,859 as a result of Defendants' breach of warranty.

WHEREFORE, Plaintiff HealthGuard respectfully requests the Court enter judgment against Defendants Greenfield, Premier and MLM and grant Plaintiff actual damages, pre- and post-judgment interest and such other relief as it deems just and proper.

## JURY DEMAND

58. Plaintiff demands a jury to try all claims triable by a jury.

Respectfully submitted,

HARTMAN UNDERHILL & BRUBAKER LLP

By: _____
Andrew F. Lucarelli, Attorney I.D. 15421
Robert M. Frankhouser, Attorney I.D. 29998
Virginia A. Clay, Attorney I.D. 84463

221 E. Chestnut Street
Lancaster, PA 17602
(717) 299-7254