IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEALTHGUARD OF LANCASTER, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MARK GARTENBERG; STEVEN | : | |
| GARTENBERG; MARK TISCHLER; | : | |
| GREENFIELD SPORTS MEDICINE & | : | |
| REHAB, P.C.; PREMIER SPORTS MEDICINE & | : | |
| REHAB CENTER, P.C.; MAIN LINE MEDICAL | : | |
| SERVICES, INC., | : | |
| Defendants | : | NO. 02-2611 |

### MEMORANDUM

**Baylson, J.**  December 6, 2002

Plaintiff HealthGuard of Lancaster, Inc. ("Plaintiff") has filed a Complaint asserting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964 ("RICO") (Count I), and state law claims (insurance fraud, common law fraud, and breach of warranty) (Counts II, III, and IV)).  Presently before the Court is a Motion to Dismiss Plaintiff's Complaint by Defendants Mark Gartenberg, Steven Gartenberg, Mark Tischler, Greenfield Sports Medicine & Rehab, P.C., Premier Sports Medicine & Rehab Center, P.C., and Main Line Medical Services, Inc. (collectively "Defendants").  For the reasons set forth below, Defendants' Motion will be granted, with leave to Plaintiff to file an amended complaint.

I.   Legal Standard and Jurisdiction

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as

true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

This Court has subject matter jurisdiction over the claims asserted in Count I pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the claims asserted in Counts II, III, and IV pursuant to 28 U.S.C. § 1367. Venue is appropriate under 28 U.S.C. §§ 1391.

II.     Allegations of the Complaint

Plaintiff Healthguard of Lancaster, Inc. is a Pennsylvania health maintenance organization with over 100,000 members, which provides prepaid health benefit services to employers who wish to arrange for such services on behalf of their employees and their dependents. (Pl.'s Compl. ¶ 6). Defendants Steven Gartenberg and Mark Tischler ("Tischler") are chiropractors and the son and son-in-law, respectively, of Defendant Mark Gartenberg. Id. ¶¶ 7-9. Defendants Greenfield Sports Medicine & Rehab, P.C. ("Greenfield"), and Premier Sports Medicine & Rehab Center, P.C. ("Premier") are Pennsylvania professional corporations organized for the practice of medicine. Id. ¶¶ 10-11. Defendant Main Line Medical Services, Inc. ("MLM") is a Pennsylvania corporation providing management services, such as billing, collection of receipts, and payment of expenses to medical and chiropractic practices, including Greenfield and Premier. Id. ¶¶ 12-13. Plaintiff asserts that MLM is controlled and operated by Defendants Mark and Steven Gartenberg with the participation, assistance, and cooperation of Defendants Tischler, Greenfield, and Premier. Id. ¶ 14.

Plaintiff alleges that in April 1999 one or more of Defendant Tischler, who had served as chief executive officer of Greenfield, and the Gartenbergs caused David Raab, M.D. to organize Defendant Greenfield as a professional corporation. Id. ¶¶ 15-16. Plaintiff also asserts that in October 2000, one or more of Defendants Tischler and the Gartenbergs caused Leilani Gyening, M.D. to organize Defendant Premier as a professional corporation. Id. ¶ 18. Plaintiff asserts that despite the nominal ownership of Greenfield and Premier by Dr. Raab and Dr. Gyening, respectively, that the activities of Greenfield and Premier were at all relevant times controlled, coordinated, and managed by Defendants Tischler and the Gartenbergs through MLM. Id. ¶ 20.

Plaintiff claims that Defendants devised a scheme to defraud Plaintiff by hiring physicians to convert Greenfield, formerly a chiropractic practice owned by Tischler and the Gartenbergs, into a medical professional corporation, Greenfield Sports Medicine & Rehab, P.C. and later Premier Sports Medicine and Rehab Center, P.C. Id. ¶ 21.[1] Plaintiff also asserts that Tischler and the Gartenbergs created MLM and paid a physician a monthly fee to use his or her name as the owner of Greenfield and Premier. Id. Defendants then submitted claims for medical services, which could be billed at the higher reimbursement rate of physicians. Id. Plaintiffs allege that Defendants Tischler and the Gartenbergs directed the employees of Greenfield and/or Premier to document for billing purposes services that were never rendered, services not performed by licensed individuals, services not performed properly, or services that were not medically necessary or appropriate. Id. These claims allegedly were sent to MLM for processing and eventually to Plaintiff for payment. Id.

---

[1]Under Pennsylvania law, only a person licensed to practice medicine can own a corporation which practices medicine. See Business Corp. Law. of 1988, ch. 29, 15 Pa. Cons. Stat. Ann. §§ 2902, 2903, 2923.

Plaintiff claims that each of the false medical claims allegedly submitted by Defendants in connection with the alleged scheme constitutes mail fraud and wire fraud and is a predicate RICO act; that each Defendant engaged in more than two predicate acts within a ten-year period, establishing a pattern of racketeering activity; and that Defendants conspired to engage in this pattern of racketeering activity.  Id. ¶¶ 33-39.  Plaintiff claims damages in excess of $344,859 from its payment of allegedly false insurance claims.  Id. ¶ 40.

Plaintiff also alleges state law claims for insurance fraud, common law fraud, and breach of warranty.  Id. ¶¶ 48-57.

III.    Sufficiency of the Complaint

Although Plaintiff originally asserted RICO violations pursuant to 18 U.S.C. §§ 1962(a), (b), (c), and (d), in Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff acknowledges that Defendants' liability could not be predicated upon 18 U.S.C. §§ 1962(a) and (b) and concedes that those counts should be dismissed.  (Pl.'s Response to Def.'s Mot. to Dismiss 10-11).  This leaves 18 U.S.C. §§ 1962 (c) and (d), which state:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

This Court recently addressed the sufficiency of a civil RICO complaint.  See Bonovitacola Electric Contractor, Inc. v. Boro Developers, Inc., C.A. No. 01-5508, 2002 WL 31388806, at *2-3 (E.D. Pa. Oct. 23, 2002); Gintowt v. TL Ventures, C.A. No. 02-746, 2002 WL 31190853, at

*4-5 (E.D. Pa. Oct. 3, 2002). In the instant case, Plaintiff vaguely refers to acts of mail fraud and wire fraud, but it fails to specify these alleged acts, or to explain how each of these alleged acts furthered the scheme to defraud or was incident to an essential part of that scheme. Also, for the reasons stated in these prior opinions, the Complaint does not contain sufficient allegations as to enterprise, relatedness, or continuity. The Court believes that RICO requires specifics in these charging paragraphs. Accordingly, Plaintiff has failed to properly state a civil RICO claim.

IV.     Leave to Amend

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Grant of leave to amend is within the discretion of the district court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). Prejudice to the non-moving party "is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). In the absence of substantial prejudice, "denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Id. None of these reasons for denial are presented in the instant case. The Complaint alleges fraud, which if proved to be true, would be of great public concern in a time when medical care, often supported by public funding, is a precious and sometimes disappearing commodity. The Court grants leave to amend because it would be unfair to dismiss the Complaint with prejudice where the allegations are fairly detailed, even though Plaintiffs have not satisfied the peculiar pleading requirements of RICO. Accordingly, Plaintiffs shall have twenty days from the date of this Order to file an Amended Complaint.

V.	RICO Case Statement

The Amended Complaint shall include or be accompanied by a "RICO Case Statement," which this Court will consider as part of the amended pleading. Bonovitacola, 2002 WL 31388806 at *4; Gintowt, 2002 WL 31190853 at *7 (both citing Glessner v. Kenny, 952 F.2d 702, 712 n.9 (3d Cir. 1991) ("Courts may consider the RICO case statements in assessing whether plaintiffs' RICO claims should be dismissed."), overruled on other grounds, Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., 46 F.3d 258, 260 (3d Cir. 1995); Heintz Corp. v. Electro Methods, C.A. No. 94-6916, 1995 U.S. Dist. LEXIS 8346, at *3 (E.D. Pa. June 15, 1995) (Padova, J.) (accepting facts drawn from Complaint and RICO Case Statement as true in considering motion to dismiss); Greek Radio Network of America, Inc. v. Vlasopoulos, 731 F.Supp. 1227, 1234 n.12 (E.D. Pa. 1990) (O'Neill, J.) (referring to Complaint and RICO Case Statement collectively as "the Complaint")); see also Judge O'Neill's recent decision in Chovanes v. Thoroughbred Racing Assoc., C.A. No. 99-185, 2001 U.S. Dist. LEXIS 375 (E.D. Pa. Jan. 18, 2001).

The RICO Case Statement to be filed should include the following, in substance:

a.	As to each Defendant in each RICO count, state the alleged misconduct and basis of liability of each Defendant.

b.	As to the racketeering activity alleged under each RICO count, include the following:
    i.	List each predicate act which Plaintiff alleges constitutes the RICO violation, including such specifics as names, dates, and types of communications or acts, and in doing so, Plaintiff may incorporate Exhibit A to the Complaint;
    ii.	Describe how each predicate act is fraudulent and/or part of a pattern of racketeering activity;
    iii.	State how the alleged predicate acts relate to each other as part of a common plan.

    c.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:
- i. The names of the individuals, partnerships, corporations, associations, or other legal entities that allegedly constitute the enterprise;
- ii. The structure, purpose, function, and course of conduct of the enterprise;
- iii. Whether any defendants are employees, officers, or directors of the alleged enterprise;
- iv. Whether any defendants are associated with the enterprise; and,
- v. Whether Plaintiff is alleging that the Defendants are individuals or entities separate from the alleged enterprise, that the Defendants are the enterprise itself, or members of the enterprise.

    d.    Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.

    e.    Describe how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

    f.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

    g.    Describe the effect of the enterprise on interstate or foreign commerce.

    h.    If the complaint alleges a violation of 18 U.S.C. § 1962(c), state:
- i. Who is employed by or associated with the enterprise; and,
- ii. Whether the same entity is both the liable "person" and the "enterprise" under 18 U.S.C. § 1962(c).

    i.    If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe the alleged conspiracy.

    j.    Describe the alleged injury to business or property.

    k.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

    l.    Provide any additional information that you believe would be helpful in processing your RICO claim.

VI.    <u>Conclusion</u>

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint will be granted,

and the Court will allow Plaintiff to file an Amended Complaint, subject to the requirements of the RICO Case Statement as noted above.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEALTHGUARD OF LANCASTER, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MARK GARTENBERG; STEVEN | : | |
| GARTENBERG; MARK TISCHLER; | : | |
| GREENFIELD SPORTS MEDICINE & | : | |
| REHAB, P.C.; PREMIER SPORTS MEDICINE & | : | |
| REHAB CENTER, P.C.; MAIN LINE MEDICAL | : | |
| SERVICES, INC., | : | |
| Defendants | : | NO. 02-2611 |

## ORDER

AND NOW, this 6th day of December, 2002, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) and opposition thereto, it is hereby

ORDERED that Defendant's Motion is GRANTED. Plaintiff is granted leave to file an Amended Complaint within twenty (20) days of the date of this Order, which shall contain a RICO Case Statement as described in the foregoing Memorandum.

Defendants shall file a responsive pleading to the Amended Complaint within twenty (20) days after service of the Amended Complaint.

BY THE COURT:

_____

**MICHAEL M. BAYLSON, U.S.D.J.**