IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | | |
|---|---|---|
| HEALTHGUARD OF LANCASTER, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MARK GARTENBERG; | : | No. 02-CV-2611 |
| STEVEN GARTENBERG; | : | |
| MARK TISCHLER; | : | (Michael M. Baylson, J.) |
| GREENFIELD SPORTS MEDICINE | : | |
| & REHAB, P.C.; | : | |
| PREMIER SPORTS MEDICINE | : | |
| & REHAB CENTER, P.C. and | : | |
| MAIN LINE MEDICAL SERVICES, INC. | : | |
| Defendants | : | |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S RESPONSE
OPPOSING OBERMAYER'S MOTION TO WITHDRAW AS COUNSEL
FOR DEFENDANTS GREENFIELD SPORTS MEDICINE & REHAB, P.C. AND
PREMIER SPORTS MEDICINE & REHAB CENTER, P.C.**

By filing a motion to dismiss and engaging in discovery on behalf of Greenfield Sports Medicine & Rehab, P.C. ("Greenfield") and Premier Sport Medicine & Rehab Center, P.C. ("Premier"), Obermayer Rebman Maxwell & Hippel LLP ("Obermayer") entered an appearance on behalf of both corporate entities and actively represented both entities since the inception of this litigation. Obermayer's sudden claim that the firm has had no contact with or access to Greenfield or Premier is inconsistent with the procedural history of this litigation, in which Obermayer produced a waiver of service for Greenfield, filed a motion to dismiss on behalf of both corporations, requested two extensions of time to file an Answer on behalf of both corporations, and served and received discovery on behalf of both corporations. Because granting Obermayer's motion, without any indication that substitute counsel will enter an

00284052.1

appearance on behalf of Greenfield and Premier, will cause undue delay and interfere with the effective administration of justice, the firm's motion for leave to withdraw as counsel for Greenfield and Premier should be denied.

I.      **Standard for Granting Leave to Withdraw as Counsel**

Eastern District Rule 5.1 prohibits an attorney who has entered an appearance from withdrawing his appearance, except by leave of court.  When considering a motion to grant such leave, the Court should weigh four factors:  (1) the reason why withdrawal is sought, (2) the prejudice withdrawal may cause to the litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case.  See Crestar Mortgage Corp. v. Peoples Mortgage Co., 1995 WL 695093 (E.D. Pa. 1995).  However, "Courts must balance even a reasonable ground for withdrawal with the affect of withdrawal on the interests of the litigants and on the effective administration of justice."  D'Amico v. Panasonic Corp., 1998 WL 54405 (E.D. Pa. 1998).

II.     **Obermayer Has No Reasonable Grounds for Withdrawal**

Obermayer claims that neither Greenfield nor Premier has ever contacted the firm to represent the corporations in this case, and that Obermayer does not have access to employees or records of either Greenfield or Premier and thus cannot prepare a defense for them.  Both claims are inconsistent with the following record facts:

1.  Obermayer filed a waiver of service on behalf of Greenfield.

2.  Obermayer filed a motion to dismiss on behalf of both Greenfield and Premier.

3.  Obermayer filed two requests for additional time to Answer on behalf of both Greenfield and Premier.

00284052.1

4.  Obermayer filed written discovery requests on behalf of both Greenfield and Premier.

5.  Obermayer received Plaintiff's response to discovery requests on behalf of both Greenfield and Premier.

6.  Obermayer received Plaintiff's discovery requests directed to both Greenfield and Premier, responses to which requests are currently outstanding.

All of these record facts demonstrate that Obermayer has had a client relationship with Greenfield and Premier, and that Obermayer has been actively representing both Greenfield and Premier in this litigation. If Obermayer has in fact had no contact with either corporation, then it would appear that the clients with whom Obermayer has had contact (Mark Gartenberg, Steven Gartenberg and Main Line Medical Services, Inc.) are indeed the parties that control Greenfield and Premier, exactly as Plaintiff has alleged.

Obermayer's second stated reason in support of its motion is an alleged conflict of interest. Obermayer claims that the interests of the individual defendants may be adverse to the interests of Greenfield and Premier. In fact, however, Plaintiff has alleged that both Greenfield and Premier were created and controlled by the individual defendants, as an integral part of their fraudulent scheme to defraud Plaintiff. Given the control that the individual defendants exercised over the activities of Greenfield and Premier, and the responsibility those individual defendants bear for the corporations' actions, there is no genuine conflict of interest.

### III. Granting Obermayer's Motion will cause Prejudice, Harm and Delay

Plaintiff has alleged that the individual defendants perpetrated an extensive fraudulent scheme to submit and collect payment for false medical insurance claims, and that they did so by

00284052.1

creating and controlling various corporate entities, including Main Line Medical Services, Inc., Greenfield and Premier. Obermayer's withdrawal as counsel for Greenfield and Premier, without the entry of appearance of new counsel, will leave those corporations unrepresented, and will make it extremely difficult, if not impossible, to conduct meaningful discovery to determine the role that each played in the fraudulent scheme. For example, as counsel for both Greenfield and Premier, Obermayer has been served with requests to produce the corporate records of each of their clients, as well as the patient records maintained by each entity.

To the extent that Greenfield and Premier have been accused of participating in a pattern of racketeering activity, leaving the corporations without representations will cause them material harm. Without counsel to defend Greenfield and Premier, the corporations may suffer a default judgment. Obermayer, having entered an appearance on behalf of Greenfield and Premier, and having undertaken their representations, should not be allowed now to abandon their clients. Doing so will cause the corporations to suffer serious adverse consequences.

Obermayer's abandonment of Greenfield and Premier will also delay resolution of Plaintiff's claims. Without counsel to represent Greenfield and Premier, both Plaintiff and the Court will have great difficulty holding the corporations accountable to their legal obligations in this matter. "Cutting off" Greenfield and Premier is a transparent attempt to shift blame away from the responsible individuals, while making it impossible to discover the role that those individuals played in the operation of the corporations that are at the center of the racketeering activity at issue.

In the alternative, if the court grants Obermayer's motion, the Court should require Obermayer to provide Plaintiff with a service address for both Greenfield and Premier, so that

Plaintiff will be able to continue the discovery process and move forward in prosecuting its claims.

IV. **Conclusion**

Because no substitute counsel has entered an appearance for either Greenfield and Premier, no good cause has been identified to support its motion to withdraw as counsel for Greenfield and Premier, and the granting of Obermayer's motion will cause prejudice, harm and delay to the efficient administration of justice, Plaintiff respectfully asks that Obermayer's motion be denied.

        Respectfully submitted,

        HARTMAN UNDERHILL & BRUBAKER LLP

Date: _____  By: _____
        Robert M. Frankhouser, Attorney I.D. 29998
        Andrew F. Lucarelli, Attorney I.D. 15421

        221 E. Chestnut Street
        Lancaster, PA 17602
        (717) 299-7254

# CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below:

Service by first class mail addressed as follows:

Lawrence J. Tabas, Esquire
Obermayer Rebmann Maxwell
& Hippel LLP
One Penn Center - 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895

John W. Morris, Esquire
1525 Locust Street, 17th Floor
Philadelphia, PA 19102

HARTMAN UNDERHILL & BRUBAKER LLP

By:_____
Robert M. Frankhouser, Jr.
Attorney I.D. #29998
Andrew F. Lucarelli
Attorney I.D. #15421
Attorneys for Defendants
Date: January 27, 2003
221 East Chestnut Street
Lancaster, PA 17602
(717) 299-7254

00284052.1