UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

HEALTHGUARD OF LANCASTER, INC.
Plaintiff

vs.

MARK GARTENBERG; STEVEN
GARTENBERG; MARK TISCHLER;
GREENFIELD SPORTS MEDICINE &
REHAB, P.C.; PREMIER SPORTS
MEDICINE & REHAB CENTER, P.C.; and
MAIN LINE MEDICAL SERVICES, INC.
Defendants

NO. 02-CV-2611
(Michael M. Baylson, J.)

## DEFENDANTS' JURY INSTRUCTIONS

Defendants respectfully submit the attached proposed jury instructions in accordance

with the Court's Scheduling Order and Trial Procedure dated September 13, 2002. Defendants

reserve the right to submit supplemental jury instructions.

JOHN W. MORRIS, Attorney at Law

OBERMAYER REBMANN MAXWELL
& HIPPEL LLP

_____

John W. Morris, Esq.
1525 Locust Street, 17th Floor
Philadelphia, PA 19102
215-772-2290

Attorney for Defendants Mark Tischler,
Greenfield Sports Medicine & Rehab, P.C.,
and Premier Sports Medicine & Rehab, P.C.

_____

Lawrence J. Tabas, Esquire
Richard P. Limburg, Esquire
One Penn Center – 19th floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
215-665-3000

Attorneys for Defendants Steve Gartenberg,
Mark Gartenberg, and Main Line Medical
Services, Inc.

Dated: October 30, 2003

492634

## CIVIL RICO, SECTION 1962(c)

**Source:** Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Civil Cases, Federal Claims Instructions, §5.1, pages 229-234 (2000).

**Note:** Proposed changes to the pattern instruction are italicized.

In this case, the plaintiff claims that the defendant violated a federal law known as the Racketeer Influenced and Corrupt Organizations Act (RICO), and the plaintiff seeks an award of damages as compensation for that alleged violation.

It is unlawful under *Section 1962(c)* of the so-called RICO statue for anyone associated with an "enterprise" to conduct, or to participate in conducting, the affairs of the enterprise through a "pattern of racketeering activity." *It is also unlawful under Section 1962(d) for two or more persons to conspire to conduct the affairs of an enterprise through a pattern of racketeering activity. I am going to instruct you first about plaintiff's claim under Section 1962(c), and after that I will give you instructions about Section 1962(d).*

The term "enterprise" as defined in the law includes any partnership, corporation, association or other legal entity, and any union or other group of individuals associated in fact although not a legal entity, that is engaged in, or the activities of which affect, interstate commerce. In this case, the plaintiff claims that *a medical management services company called Main Line Medical Services, Inc.,* constituted an "enterprise" within the meaning of the RICO law.

The term "racketeering activity" includes any act in violation of Title 18, United States Code relating to mail fraud (§1341) and wire fraud (§1343).

The term "pattern of racketeering activity" requires proof of at least two acts of "racketeering activity," sometimes called predicate acts, which must have been committed as

part of a common plan or scheme and thus connected with each other as part of a pattern rather than being a series of isolated or disconnected acts. *The predicate acts must be related to each other. This means they must have the same or similar purposes, results, participants, victims or methods of commission. In addition, the pattern must amount to or present a threat of continued criminal activity. This means there must be a series of related predicate acts that extend over a substantial period of time and involve more than a limited number of participants, victims, injuries and transactions. Predicate acts extending over a shorter period of time may also satisfy the "continuity" requirement if, by their nature, they project into the future with a threat of repetition. For example, if it is proved that the predicate acts are part of an ongoing entity's regular way of doing business.*[1]

So, in order to prevail on the *Section 1962(c)* RICO claim *against any one of the defendants*, the plaintiff must prove each of the following facts by a preponderance of the evidence:

*First:* That the defendant was associated with an "enterprise" as alleged and described by the plaintiff and as defined in these instructions;

*Second:* That the defendant "knowingly" committed at least two of the predicate acts hereafter described;

*Third:* That the predicate acts formed a pattern by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events;

---

[1] The italicized instructions on "relatedness" and "continuity" are based on <u>H.J., Inc. v. Northwester Bell Telephone Co.</u>, 109 S.Ct. 2893, 2902 (1989); [CITE]; <u>Hindes v. Castle</u>, 937 F.2d 868, 873 (3d Cir. 1991); <u>Marshall-Silver Construction Co. v. Mendel</u>, 894 F.2d 593, ___ (3d Cir. 1990).

*Fourth:* That the predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future;

*Fifth:* That through the commission of the two or more connected predicate acts, the defendant conducted or participated in the conduct of the affairs of the "enterprise";

*Sixth:* That the "enterprise" was engaged in, or that its activities affected, interstate commerce; and

*Seventh:* That the plaintiff was injured in its business or property as a proximate result of the defendant's commission of the pattern of racketeering activity.

In the verdict form that I will explain later on, you will be asked to answer a series of questions concerning each of these factual issues.

The first fact the plaintiff must prove, therefore, is that the defendant was associated with an "enterprise," as previously defined. *"Associated with" means some minimal association with the alleged enterprise. The defendant must know something about the alleged enterprise's activities as they relate to the alleged racketeering activity.*[2]

The second fact the plaintiff must prove is that the defendant knowingly committed at least two so-called "predicate acts."

To act "knowingly" means to act voluntarily and intentionally, and not because of *ignorance,* mistake or accident.

The "predicate acts" claimed by the plaintiff are *the submission of invoices (marked as Plaintiff's Trial Exhibits __ through __) to HealthGuard either by means of the United States*

---

[2]  The italicized definition of "associated with" derives from the Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 8.1, page 88 (1999).

*mails or electronically by wire. Plaintiff alleges that these claimed predicate acts constitute mail*

*fraud or wire fraud under Title 18 United States Code §1341 or §1343.* Under those laws, it is

an offense for anyone to scheme to defraud someone else out of money or property by making

false and fraudulent representations, and then to attempt to execute or carry out the scheme

through use of the *United States* mails or *through* interstate wire communications. *I will give*

*you more instructions about the elements of mail fraud later on.*

If you find that the defendant committed two or more of the predicate acts, you must then

decide whether those acts constituted a "pattern of racketeering activity," as previously

described, and whether that "pattern" of activity amounted to, or threatened the likelihood of,

continued criminal activity posing a threat of continuity projecting into the future.

You must next decide whether the "pattern of racketeering activity" was engaged in by

the defendant while "conducting, or participating in the conduct of," the affairs of the

"enterprise."

*To "conduct or participate in conducting" the affairs of an enterprise means that the*

*defendant must participate in the operation or management of the enterprise itself. Although the*

*plaintiff is not required to prove that the defendant had primary responsibility for the*

*enterprise's affairs, some part in directing or controlling the enterprise's affairs is required.*

*Plaintiff must show that the defendant participated in the operation or management of the*

*enterprise itself in such a way as to have played some part in directing the affairs of the*

*enterprise.*[3]

---

[3]  The italicized definition of "conduct or participate in conducting" derives from O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, 5th Ed., vol. 3B, §161.43; and is based on <u>Reves v. Ernst & Young</u>, 113 S.Ct. 1163, 1169 (1993) and <u>University of Maryland v. Peat, Marwick, Main & Co.</u>, 996 F.2d 1534, 1538-39 (3rd Cir. 1994).

If so, you must then decide whether the "enterprise" was engaged in, or whether its activities affected, "interstate commerce."  The term "interstate commerce" refers to business transactions occurring between places in different states.  If you find that *such* transactions events occurred in, or as a direct result of, the conduct of the affairs of the alleged "enterprise," then the required effect upon interstate commerce has been established.

If all of those issues are resolved in favor of the plaintiff, you must then decide whether the plaintiff has suffered injury in its business or property as a "proximate result" of the defendant's pattern of racketeering activity.  To be the "proximate result" of such activity, it must be proved that, except for such activity by the defendant, the injury or damage claimed by the plaintiff would not have occurred.

## COMMISSION OF PREDICATE ACTS

**Source:**  Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 8.1, page 83 (1999).

**Note:** Proposed changes to the pattern instruction are italicized.

*In determining whether a defendant has engaged in a pattern of racketeering activity,* you are to consider only those specific racketeering acts alleged by the plaintiff against a particular defendant.  Furthermore, you cannot find that the defendant has engaged in a "pattern of racketeering activity" unless you agree to which of the alleged predicate offenses, if any, make up the pattern.  Thus, it would not be sufficient if some of you should find that a defendant committed a violation of two or more predicate offenses under one particular statute as a pattern and the rest of you should find that a defendant committed a violation of two or more predicate acts under another statute as a pattern.  In other words, you may not find that the defendant has engaged in a pattern of racketeering activity unless you (1) find a "pattern" of predicate offenses; and (2) find that the plaintiff has proved a preponderance of the evidence that a defendant committed each of the two or more predicate offenses that you find are necessary to make up the pattern.

## MAIL FRAUD, 18 U.S.C. §1341

**Source:** Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 8.1, page 84-85 (1999).

**Note:** Proposed changes to the pattern instruction are italicized.

*The plaintiff has alleged that the each if the defendants has committed two or more acts of mail fraud or wire fraud.* It is your function to decide whether the plaintiff has proved by a preponderance of the evidence as to each defendant whether that defendant violated either or both of those statutes on one or more occasions, if at all. To establish that mail fraud has been committed, the plaintiff must prove each of the following by a preponderance of the evidence as to each defendant so charged:

1.    Some person or persons willfully and knowingly devised a scheme or artifice to defraud, or a scheme for obtaining money or property by means of false pretenses, representations or promises; and

2.    Some person or persons used the United States Postal Service by mailing , or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud.

The word "knowingly" means that the action was done voluntarily and intentionally and not because of *ignorance*, mistake or accident.

The word "willfully" means that the action was committed voluntarily and purposely, with the specific intent to do something the law forbids. The action must be done with a bad purpose: either to disobey or disregard the law.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive. The words "scheme" and "artifice" in the mail fraud statute include any plan or course

of action intended to deceive others, and to obtain property by false or fraudulent pretenses, representations, or promises, from the persons so deceived.

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud statute if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" if it constitutes a half truth, or effectively conceals a material fact, with intent to defraud. A material fact is a fact that would be important to a reasonable person in deciding whether to engage in a particular transaction.

Good faith constitutes a complete defense to mail fraud. Good faith means the actor had a genuine belief that the information which was sent or given was true.

The plaintiff must prove by a preponderance of the evidence that one or more of the defendants knowingly and willfully devised or intended to devise a scheme to defraud which was substantially the same as the one alleged by the plaintiff and that the use of the United States Mail was closely related to the scheme in that one or more of the defendants either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. One causes the mails to be used if he does an act with knowledge that the use of the mails will follow in the ordinary course of business, or if he can reasonably foresee such use.

## CONDUCTING THE AFFAIRS OF THE ENTERPRISE
## THROUGH A PATTERN OF RACKETEERING ACTIVITY

**Source:** Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 8.1, page 88-89 (1999).

**Note:** Proposed changes to the pattern instruction are italicized.

*As I have already explained,* the plaintiff must prove by a preponderance of the evidence that the defendant knowingly and willfully conducted or participated in the conducting of the affairs of the alleged enterprise through a pattern of racketeering activity. The plaintiff must prove by a preponderance of the evidence a sufficient connection between the enterprise, the defendants, and the alleged pattern of racketeering activity. In order to establish a sufficient connection between the enterprise, the defendant, and the alleged pattern of racketeering activity, the plaintiff must prove by a preponderance of the evidence:

1.      That the defendant participated in the operation or management of the enterprise itself in such a way, directly or indirectly, as to have played some part in directing the affairs of the enterprise.

2.      That the defendant in fact engaged in the pattern of racketeering activity as the plaintiff claims;

3.      That the defendant's association with or employment by the enterprise facilitated his commission of the racketeering acts; and

4.      That the commission of these predicate acts had some direct or indirect effect on the alleged enterprise.

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

## CONSPIRACY TO VIOLATE RICO, 18 U.S.C. §1962(d)

**Source:**  Pattern Jury Instructions of the District Judges Association of the Fifth Circuit,

Civil Cases, Instruction No. 8.1, page 89-94 (1999).

**Note:** Proposed changes to the pattern instruction are italicized.

Plaintiff claims that the defendants violated Section 1962(d) of RICO because the

defendants agreed or conspired to violate the RICO law.

A "conspiracy" in this sense is a combination or agreement of two or more persons to

join together to accomplish an offense which would be in violation of Section 1962(a), (b),

and/or (c) under the law that I have given you with respect to those sections.

To establish a violation of Section 1962(d), the plaintiff must prove by a preponderance

of the evidence:

1.    That two or more persons in some way or manner came to a mutual understanding

to attempt to accomplish a common and unlawful plan, that is that while being

employed by or associated with an enterprise, they engaged in activities which

affected interstate or foreign commerce, or conducted the affairs of the alleged

enterprise through a pattern of racketeering activity, in the manner charged; and

2.    That the defendant knowingly and willfully became a member of a conspiracy by

objectively indicating, through his words or actions, his agreement to conduct or

participate, directly or indirectly, in the conduct of the affairs of an enterprise

through a pattern of racketeering activity; and

3.    That at least one of the conspirators committed at least one overt act during the

existence of a conspiracy in an effort to accomplish some object or purpose of the

conspiracy.

The definitions and instructions that I gave to you earlier as to "enterprise," "racketeering activity," "pattern of racketeering activity," "conduct through a pattern of racketeering activity," and "engaged in, or the activities of which affect, interstate or foreign commerce" apply here.

In regard to the first element of the claim of conspiracy, the evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all of the means or methods alleged were in fact set forth in the indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. The plaintiff is not required to prove that all of the persons charged with being members of the conspiracy were such or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts or racketeering alleged by the plaintiff, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise. Instead, the plaintiff must prove by a preponderance of the evidence that the alleged conspirators agreed to conduct or participate in the conduct of the affairs of the alleged enterprise and that they further agreed that their individual participations would be through two or more racketeering acts in furtherance of the affairs of the alleged enterprise. It does not matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different, dissimilar or otherwise unrelated acts of racketeering activity, as long as the alleged racketeering

acts would, if they were actually committed, create a "pattern of racketeering activity" as I defined that phrase to you.

As to the second element of the alleged conspiracy violation – knowing and willful membership in the conspiracy – the plaintiff must prove by a preponderance of the evidence:

1.  That the defendant knew that the basic object of the alleged conspiracy was conducting the alleged enterprise through a pattern of racketeering activity;

2.  That the defendant knowingly and willfully agreed to personally commit, or aid and abet the commission of at least two acts of racketeering as a "pattern of racketeering activity" as I have defined it; and

3.  That the defendant knowingly and willfully agreed to conduct or participate in the conduct of the affairs of the alleged enterprise through this pattern of racketeering activity.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or without knowledge of the names and identities of all of the other alleged conspirators. If the plaintiff proves by a preponderance of the evidence that the particular defendant has knowingly and willfully joined the alleged conspiracy under the three standards I have just set forth, it does not matter that the defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

However, the mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily prove the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but

who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

The plaintiff need not prove that the defendant actually committed any of the acts that he may have agreed to commit in order to establish his membership in the conspiracy.  You may consider only those racketeering acts alleged against the particular defendant by the plaintiff in determining whether that defendant has agreed to commit two acts of racketeering activity as a "pattern of racketeering activity."  [These alleged racketeering acts are outlined as to each defendant on pages _____ of these instructions.]

To establish the third element, the plaintiff must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy.  An "overt act" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.  However, in accordance with my instructions during the trial, you may not consider any evidence of any alleged wrongful act, other than the alleged wrongful act which the plaintiff contends is a specific violation, as in any way bearing on the character of any defendant or as an indication that any defendant may have a propensity to commit any of the offenses charged.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed.  If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of that conspiracy.

In determining whether there was a conspiracy, you may consider all the evidence in the case.  If you find that there was conspiracy, then you may attribute the statements or acts of the

_____ [insert names of co-conspirators] to the defendant.  If you find that there was no conspiracy, then you may not attribute the statements or acts of _____ [insert names of alleged co-conspirators] to the defendant.

If you find that no such conspiracy existed, then you must find for the defendants. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.

If you find that a particular defendant is a member of another conspiracy, but not the one charged by the plaintiff, then you must find for that defendant.  In other words, you cannot find that a defendant violated Section 1962(d) unless you find that he was a member of the conspiracy charged, and not some other separate conspiracy.

## CONSPIRACY TO VIOLATE RICO, 18 U.S.C. §1962(c)

To present a cognizable claim for a §1962(d) conspiracy to violate §1962(c),

HealthGuard must allege and prove:

1.  that defendants agreed with one or more other persons to participate in and

    facilitate a scheme to violate §1962(c), Rehkop v. Berwick Healthcare Corp., 95

    F.3d 285, 290 (3d Cir. 1996); Salinas v. U.S., 522 U.S. 52, 118 S.Ct. 469, 476-

    478 (1997); *and*

2.  that the scheme involved the actual or intended commission of predicate acts of

    racketeering activity by one or more of the conspirators, Salinas, supra, 118 S.Ct.

    at 477; U.S. v. Adams, 759 F.2d 1099, 1116 (3d Cir. 1985); *and*

3.  that the actual or intended acts of racketeering activity did form or would have

    formed a pattern, defined as two or more related acts of racketeering activity

    posing a substantial threat of continued *criminal* activity, Rehkop, supra, 95 F.3d

    at 290; Salinas, supra, 118 S.Ct. at 477; H.J., Inc. v. Northwestern Bell Telephone

    Co., 492 U.S. 229, 239 (1989); *and*

4.  that the conspirators:

    (a)  actually conducted or participated in conducting, or were going to conduct

         or participate in conducting, the affairs of such an enterprise through a

         pattern of racketeering activity, 18 U.S.C. §1962(c); Dow Chemical,

         supra, 30 F.Supp. 2d at 699-701; *and*

5.  that plaintiff's injuries were caused by an overt act in furtherance of the

    conspiracy, Beck v. Prupis, 529 U.S. 494, 505-506 (2000); *and*

6.  that the overt act was itself an act of racketeering as defined in 18 U.S.C.

§1961(1); <u>Beck v. Prupis</u>, <u>supra</u>, 529 U.S. at 505-506.

Any claim under §1962(d) based on a conspiracy to violate §1962(c) necessarily must fail if the substantive claims are themselves deficient. <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153, 1191 (3d Cir. 1993).

Therefore, if you find that HealthGuard's substantive claim under §1962(c) is deficient, you must find against HealthGuard on its claim under §1962(d).

## CAUSATION

**Source:**  Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 8.1, page 94-95 (1999).

**Note:** Proposed changes to the pattern instruction are italicized.

Finally, for the plaintiff to prevail under RICO, he must prove by a preponderance of the evidence that the defendant's RICO violations were the "proximate cause" of injury to the plaintiff's business or property.  Therefore, you must find that the plaintiff suffered an injury to his business or property and that the injury was caused by reason of the defendants' violation of RICO.

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A person is injured in his business when he suffers loss of money or profits or a reduction in the value or worth of his business.

A finding that the plaintiff was injured in his business or property because of the defendant's violation of RICO requires only that you find the plaintiff was harmed by the predicate acts.

However, to find that injury to the plaintiff's business or property was caused by reason of the defendants' violation of RICO, you must find that the injury to the plaintiff was caused by, and was a direct result of the defendants' violation of Section 1962(c).

Therefore, you must find that the commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of

racketeering activity directly resulted in the injury or played a substantial role in producing the injury.

In considering the issue of damages, if any, with respect to the RICO claims, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the plaintiff in his business or property. Damages may not be based on speculation because it is only actual damages (what the law calls compensatory damages) that you are to determine.

You should consider the amount of damages, if any, as to each defendant with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims. For example, and by way of example only, if you determine that damages should be awarded to the plaintiff under this RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by the plaintiff.

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should or should not prevail in this case. The interrogatories which you will answer contain questions about damages. You should not draw any inference from the fact that a damage question has been asked. You must answer each interrogatory separately and award damages.

## **DAMAGES**

**Source:** Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Civil Cases, Federal Claims Instructions, §5.1, pages 232 (2000).

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

[List separately each element of damages being claimed by the plaintiff.]

## **MITIGATION OF DAMAGES**

**Source:** Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Civil Cases, Federal Claims Instructions, §5.1, pages 233 (2000).

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the plaintiff's damages by the amount that could have been reasonably realized if the plaintiff had taken advantage of such opportunity.

## DEFINITION OF FRAUDULENT MISREPRESENTATION

**Source:**  Pennsylvania Suggested Standard Civil Jury Instructions, §13.14(3)

(3)  A misrepresentation is fraudulent when the person making the misrepresentation (a) knows that it is untrue, or (b) does not believe it is true or is indifferent as whether it is true, or (c) by reason of special circumstances has a duty to know whether it is true.


**Subcommittee Note:**  The definition of "fraudulent" is based upon the requirement of scienter as stated in Shane v. Hoffmann, 324 A.2d 532 (Pa.Super. 1974):

> … which may be actual knowledge of the truth or falsity of the representation, reckless ignorance of the falsity of the matter, or mere false information where a duty to know is imposed on a person by reason of circumstance.

See Restatement of Torts, §526 (1939).  The question of duty is one for the Court, Prosser, Handbook of the Law of Torts, 289 (4th ed. 1974), thus, where item (3) under misrepresentation is given, the jury will only decide those issues of fact that are in dispute.

## INTENT TO DEFRAUD

"Intent to defraud" means the conscious object *or purpose* to engage in the conduct charged.  Commonwealth v. Feldman, 365 A.2d 1289, 1296 (Pa.Super. 1976).

Intent to defraud is never presumed, and must be proved by evidence that is clear, precise and convincing, and not by mere preponderance of the evidence.  Beardshall v. Minuteman Press International, Inc., 664 F.2d 23, 26 (3rd Cir.1981); Snell v. Pennsylvania, 490 Pa. 277, 281, 416 A.2d 468, 470 (1980); Delahanty v. First Pennsylvania Bank, 464 A.2d 1243, 1253 (Pa.Super. 1983).

## <u>MATERIALITY</u>

**Source:**  Pennsylvania Suggested Standard Jury Instructions, §13.14(4); Restatement

(Second) Torts, §538(2).

A fact is material if it is one that would be of importance to a reasonable person in

determining a choice of action.

## ACCOUNT STATED

**Source:**  PLE "Accounts and Accounting" (1986).

An account stated is an account in writing that has been examined and accepted by both parties, either expressly or impliedly.  (§2).

To produce an account stated, the account must be rendered, and the other party must accept, agree to or acquiesce in the correctness of the account, under such circumstances as to import a promise of payment on the one side and acceptance on the other.  (§3).

Acceptance or acquiescence need not be manifested expressly, but may be implied from circumstances.  Where the debtor has had an opportunity to scrutinize the account, his silence is prima facie evidence of acquiescence in an account stated, unless the debtor makes a timely objection.  (§3).

A party's retention of an account rendered for an unreasonably long time without objection is evidence of acquiescence.  (§3).

*If you find that the plaintiff received, retained and paid any Greenfield invoices and did not object to such payments for an unreasonably long period of time, then that would be a complete defense to plaintiff's claim to recover those payments.*

*In addition, if you find that the plaintiff received, retained and scrutinized any Greenfield invoices and did not object to such invoices for an unreasonably long period of time, then you may find that the plaintiff acquiesced in the correctness of those invoices and agreed to pay them.*

492634